## W. T. PATTON v. THE STATE.

### No. 2249.   Decided February 13, 1901.

1. **Selling Liquor to a Minor—Evidence—Written Consent of Parent.**

On a trial for selling liquor to a minor, a purported instrument of the written consent of the parents to the sale was properly excluded as evidence where the execution of the instrument was not proved, and where the instrument was not shown to have been in defendant's possession at the very time of the alleged offense.

2. **New Trial—Newly Discovered Evidence—Diligence.**

An affidavit in the nature of newly discovered evidence, is not available on motion for new trial where no diligence was used to procure the evidence, as might have been done at the time of trial.

3. **Selling Liquor to Minor—Age of Minor—Notice as to.**

On a trial for selling liquor to a minor, where it appeared that defendant was uncle of the minor, if defendant did not actually know the age of the minor, which his relationship would suggest, then the youthful appearance of the minor was sufficient to put him upon notice as to the age of the minor.

APPEAL from the County Court of Erath.   Tried below before Hon. L. N. FRANK, County Judge.

Appeal from a conviction for selling liquor to a minor; penalty, a fine of $50.

The opinion states the case.

*Daniel & Keith,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for knowingly selling intoxicating liquor to a minor, and his punishment assessed at a fine of $50, and he appeals.

Appellant excepted to the action of the court in refusing to permit him to introduce in evidence the following writing, to wit: "October 15, 1899.   I hereby give my consent to W. T. Patton to sell or give my son John Tudor intoxicating liquor.   [Signed]   S. F. Tudor." This was objected to on the part of the State, on the ground that there was no proof of the execution of said instrument by Mrs. S. F. Tudor, who was claimed to be the mother of the minor to whom the liquor was sold.   The only proof on this point was to the effect that the witness, on examination, said the signature looked like his mother's, but he could not swear to it positively.   The court further explained that no sufficient proof of the execution of the instrument was made, nor was it shown to have been in defendant's possession at the time and date of the alleged offense.   We think the court was eminently correct on both of these propositions.   It is not necessary here to discuss whether a general license from the parent to the saloon keeper to sell the minor on any and all occasions would be the written consent authorized by the statute.   Evidently, however, before a written consent would be a

protection, it must be proved by better evidence than was offered that the paper was executed by the parent. It must also be shown that the saloon-keeper had the written consent at the very time he sold the liquor. However, appellant contends that the affidavit made by S. F. Tudor subsequent to the conviction, and which is used as an exhibit in the motion for new trial, identified the written instrument, and showed that it was executed by the mother of said minor. Appellant should have been prepared with this proof at the time of the trial. At any rate, some diligence should have been used to have the mother of the minor present. However, this affidavit does not relieve the case in any respect in regard to the time when Mrs. Tudor may have executed the written consent. Evidently, if this written consent had been issued prior to the sale of the liquor, the parties knew it, and, if it was true that it was executed before the transaction, no doubt it would have been proven. To the contrary of this, the minor testified on the trial that he never saw the instrument prior to the time of the trial. It appears to us that this is not a fair attempt to show that the saloon man had any sort of written authority at the time he sold the liquor to the minor, and that this authority is an afterthought, entitled to no consideration.

The court gave an adequate charge with reference to knowledge on the part of appellant of the nonage of John Tudor, and it was not necessary to give the requested instruction of appellant on that subject.

An examination of the proof shows the testimony amply supports the verdict. John Tudor was well known to appellant, who was his uncle. If appellant did not actually know his age, which the relationship would suggest, then the youthful appearance of the minor put him upon notice. Wuertemburg v. State (Texas Crim. App.), 51 S. W. Rep., 944. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]